IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-01287-NRN

ISMAEL SOLIS-GUTIERREZ,

     Plaintiff,

v.

MARKWAYNE MULLIN, in his official capacity as Secretary of the Department of Homeland Security,
TODD LYONS, in his official capacity as Acting Director of Immigration and Customs Enforcement,
GEORGE VALDEZ, in his official capacity as ICE Field Officer Director,
JUAN BALTAZAR, in his official capacity as the warden of the Aurora Immigration Detention Facility,

     Defendants.

---

**ORDER**

---

**N. REID NEUREITER**
**United States Magistrate Judge**

     This case is before the Court on Ismael Solis-Gutierrez's ("Petitioner") Verified Petition for Habeas Corpus (the "Petition"). ECF No. 1. Petitioner is a detainee at the Denver Contract Detention Facility in Aurora, Colorado. ECF No. 1 at 2. He contends that the Respondents are improperly subjecting him to mandatory detention under 8 U.S.C. § 1225(b)(2). Instead, he says, 8 U.S.C. § 1226(a) governs his detention. Because this is a fundamentally legal debate, there is no need for a hearing on the Petition. *See* 28 U.S.C. § 2243. For the reasons that follow, the Court **GRANTS IN PART** the Petition.

**BACKGROUND**

This case is one of numerous cases in this District and across the country seeking habeas relief for immigrants detained within the United States and denied bond hearings under a new interpretation of 8 U.S.C. §§ 1225, 1226. *E.g., Olivas v. Baltazar*, No. 26-cv-00777-NRN, 2026 WL 672897 (D. Colo. Mar. 10, 2026), *Vasquez Gomez v. Bondi*, No. 26-cv-00489-NRN, 2026 WL 482677 (D. Colo. Feb. 20, 2026); *Diaz Marquez v. Baltasar*, No. 26-cv-00293-CYC, 2026 WL 370864 (D. Colo. Feb. 10, 2026); *Abarca v. Baltazar*, No. 25-cv-04086-CYC, 2026 WL 309198 (D. Colo. Feb. 5, 2026); *Hernandez-Redondo v. Bondi*, No. 25-cv-03993-2 PAB, 2026 WL 290989 (D. Colo. Feb. 4, 2026); *Jimenez Facio v. Baltazar*, No. 25-cv-03592-CYC, 2025 WL 3559128 (D. Colo. Dec. 12, 2025); *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880 (D. Colo. Sept. 16, 2025); *Batz Barreno v. Baltasar*, No. 25-cv-03017-GPG-TPO, 2025 WL 3190936 (D. Colo. Nov. 14, 2025); *Loa Caballero v. Baltazar*, No. 25-cv-03120-NYW, 2025 WL 2977650 (D. Colo. Oct. 22, 2025).

Petitioner is a Mexican citizen who entered the United States without inspection or parole in April 2011. ECF No. 1 at 6. He does not appear to have any significant criminal history, aside from a non-violent misdemeanor offense resulting in probation. *Id.* He was detained by Immigration and Customs Enforcement ("ICE") and served with a Warrant for Arrest of Alien on January 12, 2026, and was taken into custody on that same date. *Id.* at 7. Petitioner is seeking protection from removal under Convention Against Torture. *Id.* He was denied a bond redetermination hearing because Immigration Judge concluded that the court lacked jurisdiction based on the agency's

2

position that Petitioner is detained under 8 U.S.C. § 1225(b) and is therefore not eligible for bond under 8 U.S.C. § 1226(a). *Id.*

Petitioner argues that his detention violates the Immigration and Nationality Act ("INA") and the Due Process Clause of the Fifth Amendment. *Id.* at 16–13. Petitioner asks that he either be released from custody or granted a prompt bond hearing. *Id.* at 13.

Respondents maintain that Petitioner is subject to mandatory detention under § 1225(b). Respondents' statutory interpretation has been rejected by this Court as well as several other judges in this District. *See Vasquez Gomez*, 2026 WL 482677, at *2; *Jimenez Facio*, 2025 WL 3559128, at *2 (recognizing that "every decision in this District addressing the issue" has determined that § 1225(b)(2)(A) does not apply to persons, like Petitioner, who have already been residing in the United States for years). Indeed, Respondents concede

> that until the Tenth Circuit rules on this issue, this Court's prior ruling on this issue would lead the Court to reach the same result here if the Court adheres to that decision, as the facts of this case are not materially distinguishable from that case for purposes of the Court's decision on the legal issue of whether Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

ECF No. 8 at 3.

## ANALYSIS

A district court may grant a writ of habeas corpus to any person who demonstrates he is "in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241. This includes "[c]hallenges to immigration detention." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004). The individual in custody bears the burden of proving that their detention is unlawful. *Walker v. Johnston*, 312

3

U.S. 275, 286 (1941). To meet that burden, Petitioner argues, in part, that 8 U.S.C. § 1226(a) applies to him; "that aliens detained under § 1226(a) receive bond hearings at the outset of detention," *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)); *see* 8 U.S.C. § 1226(a) (providing for discretionary detention); *see also* 8 C.F.R. § 1003.19 (providing framework for requesting a bond determination); and that he has received no such hearing.

As this Court and others in this District have repeatedly found in similar cases, Petitioner has met his burden showing that his continued detention without a bond hearing is unlawful. *See Diaz Marquez*, 2026 WL 370864, at *1 ("The Court remains firmly convinced that it and the other judges in the District who have addressed this issue have correctly decided those cases."). Accordingly, the Court finds that Petitioner has a statutory right to a bond hearing that has not been provided, in violation of Petitioner's Fifth Amendment substantive due process rights, *see Jimenez Facio*, 2025 WL 3559128, at *3 ("Resolution of the due-process question may be unnecessary[,] . . . [b]ut to the extent it is, 'the Court agrees with other courts that have, against substantially similar factual backgrounds, concluded that detention without a bond hearing amounts to a due process violation.'") (quoting *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880, at *4 (D. Colo. Sept. 16, 2025)); and the INA, *see Abanil v. Baltazar*, No. 25-cv-4029-WJM-STV, 2026 WL 100587, at *6 (D. Colo. Jan. 14, 2026) ("The Court joins its colleagues in this District and those courts across the country that have concluded Respondents' interpretation of § 1225(b)(2)(A) is contrary to the INA's plain text. As a consequence, the Court also concludes that Garcia Abanil's

4

detention pursuant to § 1225(b)(2)(A) violates the INA, and that he is instead properly considered to be detained under § 1226(a).").

Moreover, the Court rejects Respondents' reliance on the Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. Feb. 6, 2026). As this Court has repeatedly held, the Fifth Circuit's decision is not binding authority in this District, and, as to persuasiveness, the Court respectfully finds in Judge Douglas's dissent a more rigorous and compelling legal analysis of the relevant statutory provisions. *See Vasquez Gomez,* 2026 WL 482677, at *2; *Singh v. Baltazar*, --- F. Supp. 3d ----, 2026 WL 352870, at *3–6 (D. Colo. Feb. 9, 2026) (explaining in detail why *Buenrostro-Mendez* does not compel a contrary outcome).

Respondents also reference the Eighth Circuit's recent decision in *Avila v. Bondi*. --- F.4th ----, 2026 WL 819258 (8th Cir. Mar. 25, 2026), and decisions of "some district courts in this circuit have agreed with [their] interpretation of the statute." ECF No. 9 at 3. But "they present no argument for why these non-binding decisions require the Court to reverse itself on this legal question." *Gregorio Martinez Torres v. Bondi*, No. 26-cv-01062-CYC, 2026 WL 860425, at *1 (D. Colo. Mar. 30, 2026). Rather, Respondents concede that "until the Tenth Circuit rules on this issue, this Court's prior ruling on this issue would lead the Court to reach the same result here if the Court adheres to that decision . . . ." ECF No. 9 at 3. Having reviewed the cited decisions, the Court finds no reason to reverse itself.

Lastly, Petitioner requests attorney fees and costs. ECF No. 1 at 14. But D.C.COLO.LCivR 54.3(a) requires that "a motion for attorney fees . . . be supported by affidavit," and no such affidavit supported the request. Further, "a motion involving a

contested issue of law shall . . . be supported by a recitation of legal authority in the motion." D.C.COLO.LCivR 7.1(d). As a result, the Court denies this portion of the Petition without prejudice. If the Petitioner chooses to file a motion for attorney fees, it must comply with all applicable rules and provide legal authority for the request. *See L.G. v. Choate*, 744 F. Supp. 3d 1172, 1187 (D. Colo. 2024).

### CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that the Petition, ECF No. 1, is **GRANTED IN PART** as follows.

It is further **ORDERED** that

1)  Respondents shall provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within seven days of this Order. At the bond hearing, Respondents bear the burden of proving by clear and convincing evidence that Petitioner's continued detention is justified due to dangerousness or flight risk. *See Abanil,* 2026 WL 100587, at *8 ("[T]the weight of authority in this District is clear: it is the Government's burden to 'justify[ ] a noncitizen's continued detention at a bond hearing.'" (quoting *Arauz v. Baltazar*, No. 25-cv-03260-CNS, 2025 WL 3041840, at *4 n.3 (D. Colo. Oct. 31, 2025)); *Espinoza Ruiz v. Baltazar*, No. 25-cv-03642-CNS, 2025 WL 3294762, at *2 (D. Colo. Nov. 26, 2025) (ordering that the Government would carry the burden for bond hearing under § 1226(a)); *Loa Caballero*, 2025 WL 2977650, at *9 ("During such [bond] hearing, the Respondents bear the burden of justifying detention."). **If Respondents to not do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner must be immediately released from detention**;

2)  Respondents are **ENJOINED** from denying bond to Petitioner on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2)(A); and

3)  Respondents shall file a status report within three days of Petitioner's bond hearing, stating whether he has been granted bond, and, if his request for bond was denied, the reasons for that denial.

Dated: April 6, 2026.

BY THE COURT:

N. Reid Neureiter
United States Magistrate Judge

7